DECISION
{¶ 1} Plaintiff-appellant, Harold E. Fitzgerald, appeals from the Court of Claims' dismissal of his case against defendant-appellee, the Ohio Bureau of Workers' Compensation ("OBWC"), for failure to prosecute. For the following reasons, we affirm.
 {¶ 2} On November 29, 2002, appellant filed a complaint in the trial court alleging that the OBWC maliciously prosecuted him and violated his civil rights when it pressed criminal menacing charges against him.
 {¶ 3} On January 14, 2003, the court issued a scheduling order setting the dates for a status conference, pretrial conference, and trial, as well as the deadline for filing pretrial statements. Although appellant attended the scheduled status conference, appellant failed to appear for the October 17, 2003 pretrial conference. Appellant also failed to file a pretrial statement.
 {¶ 4} After appellant did not attend the pretrial conference, the trial court left a telephone message with appellant directing him to contact the court. When appellant did not respond to the telephone message, the trial court issued an entry on October 22, 2003, ordering appellant to appear before the court on October 31, 2003, to show cause why the court should not dismiss his case. The trial court's entry stated that, "[f]ailure to appear at the scheduled time will result in this case being dismissed pursuant to Civ.R. 41(B)(1) for failure to prosecute." Despite the trial court's warning, appellant failed to appear at the October 31, 2003 show cause hearing. Consequently, the trial court dismissed appellant's case for failure to prosecute on November 6, 2003.
 {¶ 5} Even though appellant failed to attend the pretrial conference, file a pretrial statement, or attend the show cause hearing, he filed a memorandum contra to the OBWC's motion for summary judgment two days prior to the trial court's entry of the judgment dismissing his case.
 {¶ 6} Appellant now appeals the November 6, 2003 judgment dismissing his case to this court.
 {¶ 7} On appeal, appellant assigns the following error:
The Trial court erred when it sua sponte dismissed the Appellant's case for failure to appear at a show cause hearing, without allowing the Appellant to explain his failure to appear.
 {¶ 8} Civ. R. 41(B)(1) states that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, citingLopez v. Aransas Cty. Indep. School Dist. (C.A. 5, 1978),570 F.2d 541, 544. In order to find an abuse of discretion, an appellate court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} By his only assignment of error, appellant asserts two arguments. First, appellant alleges that he did not receive the October 22, 2003 order and, thus, he argues that he did not receive notice that the trial court would dismiss his case pursuant to Civ.R. 41(B)(1).
 {¶ 10} Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Logsdon v. Nichols
(1995), 72 Ohio St.3d 124, 128. Here, the trial court provided appellant explicit notice in its October 22, 2003 order that appellant's case would be dismissed if he failed to appear at the October 31, 2003 hearing. The October 22, 2003 order reflects that it was sent to appellant's address of record. Therefore, appellant was provided with the required notice.
 {¶ 11} Appellant's argument to the contrary is based solely upon the allegation, made for the first time before this court, that he did not receive the October 22, 2003 order. However, an appellate court is bound to the record before it and may not consider facts extraneous to that record. Paulin v. Midland Mut.Life Ins. Co. (1974), 37 Ohio St.2d 109, 112. Accordingly, we cannot consider appellant's allegation that he did not receive the October 22, 2003 order because it does not appear in the record and, thus, his argument based upon that allegation fails.
 {¶ 12} Second, appellant argues that the trial court should not have dismissed his case because his filing of a memorandum contra to the OBWC's summary judgment motion demonstrates that he was actively prosecuting his case.
 {¶ 13} The trial court is in the best position to determine whether a plaintiff's conduct constitutes failure to pursue a claim. Indus. Risk Insurers v. Lorenz Equip. Co. (1994),69 Ohio St.3d 576, 581. Here, the trial court set the date for the pretrial conference in a scheduling order issued nine months prior to the conference. Appellant's timely appearance at the status conference, which was also arranged by the scheduling order, shows that he received and understood the scheduling order. However, appellant failed to appear at the pretrial conference, failed to file a pretrial statement, failed to respond to a telephone message directing him to contact the court, and failed to respond to a court order requesting that he show cause for his previous failures. It is not unreasonable, arbitrary, or unconscionable that a trial court requires the individual who brings a claim before the court be an active and interested participant in all courtroom proceedings related to the case. Thus, appellant's filing of a memorandum contra does not excuse his numerous absences and lapses. Accordingly, the trial court did not abuse its discretion in dismissing appellant's case for failure to prosecute.
 {¶ 14} For the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
Petree and Watson, JJ., concur.