[Cite as *Gibson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4955.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Reginald Gibson, :

     Plaintiff-Appellant, :

                                        No. 19AP-379

v. : (Ct. of Cl. No. 2018-00870)

Ohio Department of Rehabilitation : (ACCELERATED CALENDAR)
and Correction,

                                              :

     Defendant-Appellee. :

                                              :

D E C I S I O N

Rendered on December 3, 2019

**On brief**: *Reginald Gibson*, pro se.

**On brief**: *Dave Yost*, Attorney General, and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} Reginald Gibson, plaintiff-appellant, an inmate at the Lima Correctional Institution, appeals from the judgment of the Court of Claims of Ohio, in which the court granted the summary judgment motion filed by the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee.

{¶ 2} Appellant alleged from August 2013 to May 2017, he filed numerous requests for healthcare services because of pain in his left hip and a growing cyst on his left hip, but he either received no treatment or inadequate treatment during this time. He finally was approved for surgery to remove the cyst on May 17 and had surgery on May 19, 2017.

{¶ 3} On June 5, 2018, appellant filed a legal action against ODRC in the Court of Claims. In the complaint, appellant alleged ODRC was negligent in treating his pain and delaying and denying surgery on the cyst/lipoma on his hip, resulting in pain, suffering, mental anguish, and permanent disability.

{¶ 4} On November 26, 2018, the Court of Claims ordered appellant to provide ODRC with the names of expert witnesses and a copy of their reports by February 15, 2019. Appellant failed to do so.

{¶ 5} On April 2, 2019, ODRC filed a motion for summary judgment arguing appellant had failed to obtain a medical expert, which was required to establish the requisite standard of care. Appellant filed a reply, in which he claimed he was not asserting a claim for medical negligence but, instead, only for ordinary negligence, so no medical expert testimony was necessary.

{¶ 6} On May 7, 2019, the Court of Claims granted ODRC's motion for summary judgment, finding appellant's claim was a medical negligence claim that required him to obtain a report from a medical expert, which he failed to do. Appellant appeals the judgment of the Court of Claims, asserting the following assignments of error, which are quoted below verbatim:

> [I.] If the Court treats *pro se* litigants differently, Does it departs from its duty of impartiality and prejudices the handling of a case as it relates to other litigants represented by counsel?
>
> [II.] Does R.C. 5120.20(C)(2), as written, violate due process Article I, Section 16 of the Ohio Constitution, and the Equal Protection Clause of the United States Constitution in its application to an inmate in a civil action?
>
> [III.] The Court of Claims erred in granting Defendant's motion for summary judgment, as Plaintiff's claim was not one of medical malpractice, but one of ordinary negligence, as in *Bugh v. Grafton* 10th Dist. No. 06AP-454, 2006-Ohio-6641, 2006 Ohio App. LEXIS 6466.

{¶ 7} Appellant argues in his assignments of error the trial court erred when it granted ODRC's motion for summary judgment. Appellate review of summary judgment is de novo. *MacDonald v. Authentic Invests., LLC*, 10th Dist. No. 15AP-801, 2016-Ohio-4640, ¶ 22. Summary judgment is proper only when the party moving for summary

judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181 (1997).

{¶ 8} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 9} We address appellant's third assignment of error first, as it is dispositive of appellant's appeal. Appellant argues in his third assignment of error that the Court of Claims erred when it granted ODRC's motion for summary judgment because it was not a claim for medical negligence, but one for ordinary negligence.

{¶ 10} "[A]n inmate is under no different burden than any other plaintiff in a medical malpractice claim." *Nicely v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-197, 2009-Ohio-4386, ¶ 9. In order to establish medical malpractice, a plaintiff must prove: (1) the standard of care recognized by the medical community, (2) the defendant's breach of that standard of care, and (3) proximate cause between the medical evidence and the plaintiff's injuries. *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-767, 2018-Ohio-1035, ¶ 39; *Hernandez v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-37, 2017-Ohio-8646, ¶ 13. Generally, "[a] medical malpractice claimant must provide proof of the recognized standard of care in the medical community through expert testimony." *Evans*, citing *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 131-32 (1976).

" 'That expert testimony must explain what a physician of ordinary skill, care, and diligence in the same medical specialty would do in similar circumstances.' " *Grieser v. Janis*, 10th Dist. No. 17AP-3, 2017-Ohio-8896, ¶ 18, quoting *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 19. "Failure to provide expert testimony establishing the recognized standards of care in the medical specialty community is fatal to the presentation of a prima facie case of medical [malpractice]." *Janis* at ¶ 20; *Evans* at ¶ 42.

{¶ 11} By local rule of the Court of Claims, parties are required to exchange, in advance of trial and in accordance with the schedule established by the court, written reports of expert witnesses expected to testify. Local Rules of the Court of Claims ("L.C.C.R. (8)(E)"). The rule prohibits a party from calling an expert witness to testify unless a written report has been procured from that witness. L.C.C.R. (8)(E). Under the local rule, "if a party is unable to obtain a written report from an expert, the party must demonstrate that a good faith effort was made to obtain the report and must advise the court and the opposing party of the name and address of the expert, the subject of the expert's expertise together with the expert's qualifications and a detailed summary of the expert's testimony." L.C.C.R. (8)(E). If good cause is not demonstrated, the court may exclude testimony of the expert. L.C.C.R. (8)(E). *See also Vaught v. Cleveland Clinic Found.*, 98 Ohio St.3d 485, 2003-Ohio-2181, ¶ 21 ("a party must make a good-faith effort to submit a written expert report once a court has established a deadline for filing expert witness reports").

{¶ 12} Because expert medical testimony is required to support a medical negligence claim, summary judgment in favor of the defendant is proper where the plaintiff both fails to produce an expert report and does not move for and receive a continuance under Civ.R. 56(F). *Hernandez* at ¶ 15-18; *Frost v. Cleveland Rehab. & Special Care Ctr., Inc.*, 8th Dist. No. 89694, 2008-Ohio-1718, ¶ 15. As explained by *Hernandez* at ¶ 17:

> Civ.R. 56(F) provides the sole remedy for a party who must respond to a motion for summary judgment before it has completed adequate discovery. *Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 10; *Commons at Royal Landing, LLC v. Whitehall*, 10th Dist. No. 15AP-240, 2016-Ohio-362, ¶ 8. Pursuant to Civ.R. 56(F), a party may request that the trial court defer ruling on the motion for summary

judgment pending the completion of discovery. *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 9. When a party fails to move for a Civ.R. 56(F) continuance, a trial court may grant summary judgment to the moving party even if discovery remains incomplete. *Mootispaw* at ¶ 10; *Commons at Royal Landing* at ¶ 11. Moreover, the party that fails to move for a Civ.R. 56(F) continuance does not preserve his right to challenge the adequacy of discovery on appeal. *Mootispaw* at ¶ 10.

{¶ 13} In this case, ODRC moved for summary judgment contending that, because appellant failed to submit an expert report as required by L.C.C.R. 8(E) in support of his claim, he should be precluded from presenting any expert testimony at trial and, as a result, would be unable to establish a prima facie case of medical negligence.

{¶ 14} Appellant contends the Court of Claims improperly characterized his complaint as one of medical negligence, rather than ordinary negligence. Appellant contends ODRC was negligent because it delayed removing the large and painful cyst/lipoma on his hip for more than three years, and a layperson could understand there was negligence in the case that obviated the need for a medical expert.

{¶ 15} "[C]laimed negligence in a medical context that does not rely upon a lapse in the professional skills and judgment of medical personnel, but relates to actionable conduct that would lie within the common knowledge of and experience of a layperson * * * sounds in ordinary negligence and does not invoke the specialized elements of a professional malpractice claim." *Franks v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-442, 2013-Ohio-1519, ¶ 8, citing *Cunningham v. Children's Hosp.*, 10th Dist. No. 05AP-69, 2005-Ohio-4284, ¶ 1, and *Jones v. Hawkes Hosp. of Mt. Carmel*, 175 Ohio St. 503, 506 (1964). Thus, an inmate's claim against ODRC based on the negligent acts or omissions of ODRC's medical staff sound in ordinary negligence, rather than medical negligence, where the claimed negligence occurs in a medical context but does not arise in the course of medical diagnosis, care, or treatment of the inmate. *Foy v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-723, 2017-Ohio-1065, ¶ 23. Also, no medical expert is necessary when "the standard of care in the case is so obvious that non-experts could reasonably be expected to evaluate the impact of the defendant's conduct." *Campbell v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 04AP-96, 2004-Ohio-6072, ¶ 10.

{¶ 16} Furthermore, " ' " 'courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial.' " ' " *Helfrich v. Allstate Ins. Co.*, 10th Dist. No. 12AP-559, 2013-Ohio-4335, ¶ 28, quoting *Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489, ¶ 13, quoting *Love v. Port Clinton*, 37 Ohio St.3d 98, 99 (1988), quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984).

{¶ 17} In the present case, the Court of Claims found appellant's complaint asserted a claim for medical negligence. The court found the complaint alleged ODRC denied appellant medication and, instead, prescribed only ibuprofen and delayed a necessary surgery. The court then concluded there was no genuine issue of material fact regarding appellant's failure to retain an expert, provide a report, or demonstrate a good-faith effort to obtain an expert report. Therefore, the court found, reasonable minds could only conclude that appellant, lacking expert testimony, could not sustain his burden regarding the standard of care, breach of that standard of care, and proximate cause.

{¶ 18} After a review of appellant's complaint, we find his claims sound in medical negligence rather than ordinary negligence. In his complaint, appellant alleged ODRC failed to adequately treat his medical condition without undue delay, delayed the excision of an encapsulated lipoma on his hip, failed to administer pain medication to him, failed to timely approve him for surgery, ignored his medical needs and medical condition, and refused to timely refer him for surgery. The negligence appellant describes in the complaint clearly arose in the course of medical diagnosis, care or treatment of the growing cyst. Whether ODRC was negligent in treating the pain and failing to remove the cyst in a more timely manner is uniquely within the purview of a medical expert and outside the general knowledge of a layperson. *See Kester v. Brakel*, 10th Dist. No. 06AP-253, 2007-Ohio-495, ¶ 26 (finding the failure to prove the recognized standards of the medical community were not met or to prove the failure to meet those minimum standards proximately caused the injury is fatal to a claim of medical malpractice). Medical skill and judgment was necessary to determine the proper course of treatment for appellant's hip cyst and determine whether any medication should have been prescribed to him. Such matters would be well outside common knowledge. As explained above, the failure of a medical negligence claimant, such as appellant, to produce a report from a

proffered medical expert bars that witness from testifying under L.C.C.R. 8(E) and negates an element of the claim as a consequence. *See Hernandez* at ¶ 15-18.

{¶ **19**} Appellant also claims that *Bugh v. Grafton*, 10th Dist. No. 06AP-454, 2006-Ohio-6641, is applicable to this case. However, that case is readily distinguishable. In *Bugh*, an inmate was prescribed special footwear due to arthritis and injuries to his feet, and he alleged in his action the failure of the correctional institution to timely and efficiently provide replacement footwear caused him injury. As pertinent here, the trial court granted summary judgment to the correctional institution, finding that, although the inmate's claims were not couched in terms of medical negligence, to the extent that the claims could be construed to allege medical negligence so as to require medical expert testimony for the inmate to prevail, he could not prevail because he failed to timely identify a medical expert witness. On appeal, this court found that, instead of asserting a claim of medical negligence, the inmate essentially asserted the correctional institution's actions or lack of action delayed procurement of medically prescribed footwear and, consequently, it breached a duty of care toward the inmate; thus, the inmate's cause of action was a claim that the correctional institution acted negligently. However, in the present case, appellant specifically alleged ODRC failed to render adequate and timely medical care by failing to timely perform surgery and prescribe him medication, both of which involve medical diagnosis, care or treatment. In *Bugh*, the inmate had already been prescribed the medically necessary footwear and the correctional institution was aware of and agreed the inmate needed replacement footwear. The sole issue was the correctional institution's untimely and inefficient procurement of the footwear, which does not involve any medical diagnosis, care or treatment. Therefore, we find *Bugh* distinguishable from the present case. For all of the foregoing reasons, we find the Court of Claims did not err when it granted summary judgment in favor of ODRC, and we overrule appellant's third assignment of error.

{¶ **20**} With regard to appellant's first and second assignments of error, both of these assignments of error raise arguments regarding discovery issues that have no relevance to appellant's fatal failure to obtain an expert and submit an expert report to support his medical negligence claim, as we addressed in appellant's third assignment of error above. Therefore, we find appellant's first and second assignments of error are rendered moot.

{¶ 21} Accordingly, appellant's third assignment of error is overruled, and his first and second assignments of error are rendered moot.  The judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____