[Cite as *Jefferson Capital Sys., L.L.C. v. Darko*, 2026-Ohio-1826.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| Jefferson Capital Systems, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 25AP-775<br>(M.C. No. 2025 CVF 3568) |
| Samuel Darko, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on May 19, 2026

---

**On brief:** *Samuel Darko*, pro se.

---

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Samuel Darko, pro se, appeals from a judgment of the Franklin County Municipal Court entering judgment in favor of plaintiff-appellee, Jefferson Capital Systems, LLC ("Jefferson Capital"), in the amount of $5,042.20. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On January 23, 2025, Jefferson Capital filed a complaint against Mr. Darko seeking $5,042.20, the amount it alleged Mr. Darko owed and had failed to pay on a credit account he had accepted and used from PNC Bank, N.A. The complaint alleged Jefferson Capital was the successor in interest to PNC Bank and was the bona fide owner of the credit account used by Mr. Darko. Jefferson Capital attached to the complaint a bill of sale for a bulk debt sale agreement from PNC Bank to Jefferson Capital dated September 5, 2024 with additional documentation showing Mr. Darko's account was included in the transfer.

(Compl. Ex. 1.)  Jefferson Capital also attached the credit account statement for the period of November 26 to December 27, 2024 showing a balance of $5,042.20.  (Compl. Ex. 2.)  Mr. Darko filed an answer on February 19, 2025 denying liability and denying Jefferson Capital had sufficiently established ownership of the debt.

{¶ 3}  On May 2, 2025, after an unsuccessful attempt at mediation, Mr. Darko filed a motion to dismiss for lack of standing or, in the alternative, to compel discovery.  Mr. Darko argued Jefferson Capital had failed to demonstrate proof of ownership of the account and had failed to produce requested documents.  In a June 2, 2025 order, the trial court denied Mr. Darko's motion to dismiss and to compel discovery.  The court found Jefferson Capital attached the bill of sale to the complaint and Mr. Darko failed to include a certification, pursuant to Civ.R. 37(A), that he had made good faith attempts to confer with Jefferson Capital to obtain discovery without court action.

{¶ 4}  On June 3, 2025, Jefferson Capital filed a motion for summary judgment.  Jefferson Capital argued there was no genuine issue of material fact (1) it was the owner of the credit account in Mr. Darko's name, (2) PNC Bank had validly assigned the account to Jefferson Capital, (3) there was an outstanding balance on the account, and (4) Mr. Darko had not disputed the balance of the debt within 60 days as required under 15 U.S.C. 1666, the Truth in Lending Act.  Thus, Jefferson Capital argued it was entitled to judgment as a matter of law.  In addition to the documents attached to its complaint, Jefferson Capital submitted account statements for the PNC Bank account and an affidavit of Chantal Chavez, the Jefferson Capital records custodian, averring the attached records were true and accurate copies of the documents Jefferson Capital received in acquiring the bulk debt from PNC Bank.  (June 3, 2025 Mot. for Summ. Jgmt., Ex. 1, 2.)

{¶ 5}  Mr. Darko filed a memorandum in opposition to the motion for summary judgment on June 20, 2025, arguing the documents Jefferson Capital submitted were not properly authenticated and insufficient to demonstrate Jefferson Capital was the rightful owner of the debt.  Jefferson Capital filed a reply to Mr. Darko's memorandum in opposition on July 7, 2025 arguing Mr. Darko did not provide any evidence to refute its motion for summary judgment.  In the intervening time, the trial court conducted a pre-trial conference on June 20, 2025 and, in a June 24, 2025 pre-trial memorandum, scheduled the matter for an August 28, 2025 bench trial.

{¶ 6}   On August 28, 2025, the day of the scheduled bench trial, the trial court granted Jefferson Capital's motion for summary judgment and entered judgment in favor of Jefferson Capital in the amount of $5,042.20 plus interest and costs.  Mr. Darko timely appeals.  On November 6, 2025, the court issued an order staying the execution of the judgment pending appeal.  Jefferson Capital did not file a brief in this appeal.

## II.  Assignments of Error

{¶ 7}   Mr. Darko raises the following four assignments of error for our review:

> I. The trial court erred and abused its discretion in granting summary judgment in favor of Jefferson Capital Systems, LLC, as genuine issues of material fact existed regarding standing, ownership of the alleged debt, and the admissibility of evidence.
>
> II. The trial court erred as a matter of law by granting summary judgment before discovery was complete and without requiring Jefferson Capital Systems, LLC, to produce the underlying credit agreement or the whole chain of assignment.
>
> III. The trial court erred and abused its discretion by relying on inadmissible hearsay evidence that failed to satisfy the business records exception under Evid.R. 803(6).
>
> IV. The trial court violated Appellant's right to due process by entering judgment on the day set for trial without notice, thereby depriving Appellant of a meaningful opportunity to be heard.

For ease of discussion, we address Mr. Darko's assignments of error out of order.

## III.  Standard of Review and Applicable Law

{¶ 8}   An appellate court reviews a trial court's grant of summary judgment under a de novo standard.  *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2021-Ohio-3898, ¶ 9 (10th Dist.).  "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.) *Holt v. State*, 2010-Ohio-6529, ¶ 9 (10th Dist.). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is

adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 1997-Ohio-221, ¶ 8.

{¶ 9} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the summary judgment motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 1996-Ohio-107, ¶ 17. The moving party cannot discharge its initial burden with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating the non-moving party has no evidence to support the non-moving party's claims. *Id.* at ¶ 18; *Vahila v. Hall*, 1997-Ohio-259, ¶ 21. If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment. *Dresher* at ¶ 17. Where the moving party satisfies the initial burden, summary judgment is appropriate unless the non-moving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.* at ¶ 18; *Hall v. Ohio State Univ. College of Humanities*, 2012-Ohio-5036, ¶ 12 (10th Dist.); Civ.R. 56(E).

{¶ 10} An action seeking to collect a credit card balance is an action on an account. *LVNV Funding L.L.C. v. Ingram*, 2025-Ohio-442, ¶ 18 (10th Dist.), quoting *Citibank, N.A. v. Hyslop*, 2014-Ohio-844, ¶ 9 (10th Dist.), quoting *Dept. Stores Natl. Bank. v. McGee*, 2013-Ohio-894, ¶ 16 (7th Dist.). A prima facie case for money owed on an account requires a plaintiff to "demonstrate the ' "existence of an account, including that the account is in the name of the party charged." ' " *Id.* at ¶ 19, quoting *Hyslop* at ¶ 10, quoting *McGee* at ¶ 16. Additionally, the plaintiff must establish "(1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum; (2) listed items, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of a beginning balance and items that permit the calculation of the amount claimed to be due." *Id.*, citing *Hyslop* at ¶ 10, citing *McGee* at ¶ 16.

**IV. Third Assignment of Error – Admissibility of Evidence**

{¶ 11} In his third assignment of error, Mr. Darko argues the trial court erred in relying on inadmissible hearsay evidence to rule on Jefferson Capital's motion for summary judgment. More specifically, Mr. Darko asserts the documents Jefferson Capital submitted in support of its motion failed to satisfy the business records exception to the hearsay rule in Evid.R. 803(6) because they were not properly authenticated.

{¶ 12} In ruling on a motion for summary judgment, the trial court cannot rely on facts contained in inadmissible evidence. *Meredith v. ARC Industries, Inc. of Franklin Cty.*, 2024-Ohio-4466, ¶ 31 (10th Dist.), citing *Ocwen Loan Servicing, L.L.C. v. Graf*, 2018-Ohio-2411, ¶ 21 (10th Dist.), quoting *Guernsey Bank v. Milano Sports Ents., L.L.C.*, 2008-Ohio-2420, ¶ 20 (10th Dist.), quoting *Tokles & Son, Inc. v. Midwestern Indem. Co.*, 65 Ohio St.3d 621, 631, fn. 4 (1992). A statement is impermissible hearsay if it is an out-of-court statement offered for the truth of the matter asserted. Evid.R. 801(C) and 802. Thus, unless an exception to the hearsay rule applies, hearsay statements are not admissible evidence in the summary judgment context. *Meredith* at ¶ 31, quoting *Ocwen Loan Servicing* at ¶ 38, quoting *Guernsey Bank* at ¶ 59, quoting *Paulino v. McCary*, 2005-Ohio-5920, ¶ 6, fn. 1 (10th Dist.).

{¶ 13} Evid.R. 803(6) provides an exception to the hearsay rule for records of "regularly conducted business activity . . . if it was the regular practice of that business activity to make the . . . record . . . as shown by the testimony of the custodian or other qualified witness." To be admissible under Evid.R. 803(6), a business record must satisfy each of the following: "(1) it must be one regularly recorded in a regularly conducted activity, (2) it must have been entered by a person with knowledge of the act, (3) it must have been recorded at or near the time of the transaction, and (4) a foundation must be laid by the custodian of records or some other qualified witness." *U.S. Bank Natl. Assn. v. George*, 2020-Ohio-6758, ¶ 18 (10th Dist.), citing *State v. Hood*, 2012-Ohio-6208, ¶ 39.

{¶ 14} Mr. Darko argues the PNC Bank account statements and the bill of sale are business records, and Ms. Chavez could not sufficiently establish her personal knowledge with respect to PNC Bank's procedures in adopting records because she is an employee of Jefferson Capital, not of PNC Bank. Because Ms. Chavez did not create the records or

specifically aver that she is familiar with PNC Bank's record-keeping practices, Mr. Darko asserts she could not authenticate the records.

{¶ 15} For purposes of Evid.R. 803(6), "[a] qualified witness is someone with enough familiarity with the record-keeping system of the business to explain how the record came into existence in the ordinary course of business." *U.S. Bank Natl. Assn.* at ¶ 18, citing *Hood* at ¶ 39. "However, 'Evid.R. 803(6) does not require the witness whose testimony establishes the foundation for a business record to have personal knowledge of the exact circumstances of preparation and production of the document or of the transaction giving rise to the record.' " (Internal quotations omitted.) *Id.*, quoting *Cach v. Alderman*, 2017-Ohio-5597, ¶ 16 (10th Dist.). "Rather, Evid.R. 803(6) 'permits exhibits to be admitted as business records of an entity even when the entity was not the maker of the records, so long as the other requirements of [Evid.R. 803(6)] are met and circumstances indicate the records are trustworthy.' " *Ohio Receivables, L.L.C. v. Dallariva*, 2012-Ohio-3165, ¶ 20 (10th Dist.), quoting *Shawnee Assocs., L.P. v. Shawnee Hills*, 2010-Ohio-1183, ¶ 50 (5th Dist.), citing *Great Seneca Fin. v. Felty*, 2006-Ohio-6618, ¶ 9 (1st Dist.). " 'Records need not be actually prepared by the business offering them if they are received, maintained, and relied upon in the ordinary course of business' and 'incorporated into the business records of the testifying entity.' " *Id.*, quoting *Shawnee Assocs.* at ¶ 50; *Great Seneca* at ¶ 15 (assignee of delinquent credit card account properly introduced documents from original creditor as its own business records).

{¶ 16} Ms. Chavez, the records custodian for Jefferson Capital, stated in her affidavit that she is familiar with Jefferson Capital's record-keeping systems, including records for Mr. Darko's account. (June 3, 2025 Mot. for Summ. Jgmt., Ex. 2, ¶ 1.) Ms. Chavez averred the records maintained by Jefferson Capital are kept in the course of regularly conducted business activity and were made at or near the time of the transactions therein. *Id.* Additionally, Ms. Chavez stated Jefferson Capital is the assignee and owner of Mr. Darko's account with PNC Bank as shown in the bill of sale. *Id.* at ¶ 2. Ms. Chavez stated Jefferson Capital electronically received the documents showing the chain of title of the accounts, including Mr. Darko's account, and the PNC Bank records associated with that account show a balance of $5,042.20. *Id.* at ¶ 2-3.

{¶ 17} We find Ms. Chavez's affidavit sufficiently authenticates the documents as business records that Jefferson Capital incorporated into its own business records, Jefferson Capital relied on those records, and the records created by PNC Bank but adopted by Jefferson Capital are sufficiently trustworthy, thus satisfying Evid.R. 803(6). *See Ohio Receivables* at ¶ 25-26 (records custodian of the assignee properly authenticated the documents as adoptive business records under Evid.R. 803(6)); *State Farm Mut. Auto. Ins. Co. v. Anders*, 2012-Ohio-824, ¶ 19 (10th Dist.), quoting *United States v. Irvin*, 656 F.3d 1151, 1162 (10th Cir. 2011) (" 'The adoptive business records doctrine comports perfectly with the spirit motivating the business records exception to the hearsay rule: that satisfaction of Rule 803(6)'s requirements confers a presumption of accuracy, accorded because the information is part of a regularly conducted activity . . . and because of the accuracy demanded in the conduct of the nation's businesses.' "). (Internal quotations omitted.)

{¶ 18} Because the records Jefferson Capital submitted in support of its motion for summary judgment were business records under Evid.R. 803(6), the trial court did not err in relying on those documents in ruling on Jefferson Capital's motion for summary judgment. We overrule Mr. Darko's third assignment of error.

## V. First and Second Assignments of Error – No Genuine Issue of Material Fact

{¶ 19} In his first assignment of error, Mr. Darko argues the trial court erred in relying on the bill of sale and PNC Bank account statement to grant Jefferson Capital's motion for summary judgment. In his second assignment of error, Mr. Darko argues the court erred in granting Jefferson Capital's motion for summary judgment without requiring Jefferson Capital to produce the original contract for the bulk debt sale from PNC Bank to Jefferson Capital. Taken together, these assignments of error assert the court should not have granted Jefferson Capital's motion for summary judgment.

{¶ 20} As the moving party, Jefferson Capital had the burden of demonstrating, through Civ.R. 56 evidentiary materials, there remained no genuine issue of material fact. Jefferson Capital relied on the bill of sale and accompanying statement of included accounts, the PNC Bank statements, and the Chavez Affidavit to support its motion. The bill of sale and accompanying statement of accounts demonstrate PNC Bank assigned the accounts, including Mr. Darko's account, to Jefferson Capital as part of a bulk debt sale

agreement. (Compl. Ex. 1.) Additionally, the Chavez Affidavit stated Jefferson Capital is the assignee and owner of the account. (June 3, 2025 Mot. for Summ. Jgmt., Ex. 2.) Thus, Jefferson Capital satisfied its burden, under Civ.R. 56, to identify the portions of the record demonstrating there remained no genuine issue of material fact that Jefferson Capital is the owner of the account, that the account has an outstanding balance, and that Mr. Darko has failed to pay the balance.

{¶ 21} Once Jefferson Capital satisfied its initial burden under Civ.R. 56, the burden then shifted to Mr. Darko to respond, by affidavit or otherwise, demonstrating there remained a genuine issue of material fact. Mr. Darko did not produce any evidence in opposition to Jefferson Capital's motion for summary judgment. Instead, Mr. Darko claimed only that Jefferson Capital's evidence was inadmissible and, thus, insufficient to warrant judgment in its favor. As we explained in our resolution of Mr. Darko's third assignment of error, however, Jefferson Capital properly authenticated the evidentiary documents as business records under Evid.R. 803(6), and they constituted Civ.R. 56 evidence demonstrating the ownership and balance of the account.

{¶ 22} Mr. Darko erroneously argues Jefferson Capital was required to produce the original bulk debt sale agreement to prove ownership of the account. It is true that " 'an alleged assignee who brings an action in his own name must allege and prove the assignment.' " *LVNV Funding, L.L.C. v. Tanevski*, 2014-Ohio-1741, ¶ 15 (10th Dist.), quoting *Ohio Kwik, Inc. v. O'Brien*, 1992 Ohio App. LEXIS 4785 *3 (10th Dist. Sept. 17, 1992), citing *Zwick & Zwick v. Suburban Constr. Co.*, 103 Ohio App. 83 (8th Dist. 1956). Though the original bulk debt sale agreement could have proven the assignment of the credit account from PNC Bank to Jefferson Capital, it was not the only mechanism by which Jefferson Capital could prove ownership of the account. *See Tanevski* at ¶ 15 (a bill of sale constitutes proof of the assignment of the account); *LVNV Funding, L.L.C. v. Altahtamoni*, 2024-Ohio-2082, ¶ 42-47 (10th Dist.) (LVNV produced sufficient evidence under Civ.R. 56 to demonstrate ownership of the credit card debt by providing the affidavit of an LVNV representative the date ownership of the account was assigned and documentation of the records of the account originator that were transferred to LVNV upon assignment of the account, including "a compilation of the information provided upon acquisition" of the account). We agree with the trial court that the bill of sale, the documentation of the

included accounts, and the series of account statements from PNC Bank showing the account balance satisfied Jefferson Capital's burden to demonstrate ownership of the account.

{¶ 23} Additionally, Mr. Darko argues the trial court should not have ruled on the motion for summary judgment before discovery was complete. Mr. Darko asserts he requested in discovery demands that Jefferson Capital produce the original bulk debt sale agreement between Jefferson Capital and PNC Bank but that, at the time of the court's ruling, Jefferson Capital had not provided the agreement. Thus, Mr. Darko argues the court's decision was premature.

{¶ 24} Though Mr. Darko argues the trial court's decision was premature and it should not have ruled on the motion for summary judgment while discovery was ongoing, Mr. Darko did not avail himself of the process set forth in Civ.R. 56(F). As this court has explained, "Civ.R. 56(F) provides the sole remedy for a party that must respond to a motion for summary judgment prior to the completion of adequate discovery." *Donaldson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-6110, ¶ 24 (10th Dist.), citing *Schwind v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-3995, ¶ 23 (10th Dist.), citing *Hernandez v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8646, ¶ 17-18 (10th Dist.). Pursuant to Civ.R. 56(F), the non-moving party may request the trial court defer ruling on a motion for summary judgment to allow additional time for the non-moving party to obtain further discovery that may assist in responding to the motion for summary judgment. *Miller v. NWD 355 McConnell L.L.C.*, 2023-Ohio-3374, ¶ 12 (10th Dist.), citing *Jacobs v. Jones*, 2011-Ohio-3313, ¶ 58 (10th Dist.). "If a party fails to move for a Civ.R. 56(F) continuance, the trial court may rule on the motion for summary judgment despite discovery remaining incomplete." *Donaldson* at ¶ 24, citing *Schwind* at ¶ 23. A party's failure to move for a Civ.R. 56(F) continuance in the trial court waives the party's right to challenge the adequacy of discovery on appeal. *Id.*, citing *Schwind* at ¶ 23.

{¶ 25} In his memorandum opposing the motion for summary judgment, Mr. Darko noted discovery was ongoing. However, he did not argue he was unable to respond to the motion for summary judgment without further discovery; instead, he argued Jefferson Capital's failure to provide the original bulk debt sale agreement was fatal to its motion for summary judgment because the other documentation Jefferson Capital provided was

insufficient to prove ownership of the account. We have already determined the evidentiary materials Jefferson Capital provided were sufficient to demonstrate ownership of the account. Moreover, because Mr. Darko did not move for a continuance under Civ.R. 56(F) to complete discovery, the trial court properly considered Jefferson Capital's motion for summary judgment, and Mr. Darko has forfeited his right to challenge the adequacy of discovery on appeal. *See Donaldson* at ¶ 24, citing *Hernandez* at ¶ 17.

{¶ 26} Accordingly, Jefferson Capital provided sufficient Civ.R. 56 evidence demonstrating ownership of the account and the amount Mr. Darko owed. Because Mr. Darko did not satisfy his reciprocal burden under Civ.R. 56 to demonstrate there remained a genuine issue of material fact, the trial court did not err in granting Jefferson Capital's motion for summary judgment.

{¶ 27} We overrule Mr. Darko's first and second assignments of error.

## VI. Fourth Assignment of Error – Timing of Summary Judgment Ruling

{¶ 28} In his fourth and final assignment of error, Mr. Darko argues the trial court erred in ruling on the motion for summary judgment on the same day the case was scheduled to proceed to trial. Mr. Darko asserts the court deprived him of due process by ruling on the motion for summary judgment without advance notice.

{¶ 29} " '[A] trial court must afford a non-moving party time for a full and fair response before ruling on a motion for summary judgment.' " *Green Tree Servicing L.L.C. v. Graul*, 2016-Ohio-4641, ¶ 11 (10th Dist.), quoting *Union Sav. Bank v. Schaefer*, 2013-Ohio-5704, ¶ 18 (10th Dist.), citing *Cheap Escape Co., Inc. v. Tri-State Constr., L.L.C.*, 2007-Ohio-6185, ¶ 30 (10th Dist.), and *Hooten v. Safe Auto. Ins. Co.*, 2003-Ohio-4829, ¶ 40. The failure to do so implicates the non-moving party's due process rights and amounts to reversible error. *Credit Corp. Solutions, Inc. v. Rivas*, 2024-Ohio-4772, ¶ 11 (10th Dist.), citing *Green Tree Servicing* at ¶ 11, citing *Union Sav. Bank* at ¶ 18-20. *See also Harbor View v. Jones*, 2010-Ohio-6533, ¶ 37 (10th Dist.) ("As applied to summary judgment, procedural due process requires that a non-moving party have an opportunity to respond before the adjudication of a motion for summary judgment."). "Generally, a trial court's local rules establish the timing for a nonmoving party to respond to a motion for summary judgment that comports with due process." *Green Tree Servicing* at ¶ 12, citing *Cheap Escape Co.* at ¶ 30, and *Union Sav. Bank* at ¶ 18-20.

{¶ 30} Loc.R. 3.04(A) of the Franklin County Municipal Court provides "[a]ll parties wishing to respond in writing to a motion shall do so not later than the fourteenth day following service of the motion upon the responding party." *See also Cheap Escape* at ¶ 30 (noting commentary to Loc.R. 3.04 of the Franklin County Municipal Court states "[a]ll motions for summary judgment filed pursuant to [Civ.R.] 56 are hereby set for non-oral hearing on the fifteenth day following service of the motion upon the responding party. The adverse party shall serve and file opposing affidavits and memorandum prior to the day set for non-oral hearing."). Here, Jefferson Capital filed a motion for summary judgment on June 3, 2025. Mr. Darko filed a memorandum in opposition on June 20, 2025, and Jefferson Capital filed a reply on July 7, 2025. The trial court then decided Jefferson Capital's motion for summary judgment on August 28, 2025. Thus, the court provided Mr. Darko a full and fair opportunity to respond and complied with its local rules before ruling on the motion for summary judgment.

{¶ 31} Despite the trial court allowing Mr. Darko an opportunity to respond and complying with the timeframe of Loc.R. 3.04 of the Franklin County Municipal Court, Mr. Darko nonetheless argues the court deprived him of due process by scheduling the matter for trial and then ruling on the motion for summary judgment rather than proceeding to trial. He asserts he relied on the scheduling notice indicating the court would proceed to trial rather than rule on Jefferson Capital's motion.

{¶ 32} Even after a case is set for trial, it is within a trial court's discretion to grant leave to file a motion for summary judgment. *Williams v. Am. Homes 4 Rent Mgt. Holdings L.L.C.*, 2019-Ohio-3740, ¶ 29 (10th Dist.), citing *Indermill v. United Sav.*, 5 Ohio App.3d 243, 244 (9th Dist. 1982). Similarly, a trial court has discretion to rule on the merits of a motion for summary judgment filed without express leave of court. *State v. Byers*, 2025-Ohio-1511, ¶ 28 (10th Dist.). Here, the motion for summary judgment was appropriately filed prior to the notice scheduling the matter for trial and did not require leave of court. The trial court afforded Mr. Darko a full and fair opportunity to respond to the motion in writing, as contemplated by the local rules and in accordance with due process. Although the court additionally scheduled the matter for trial, the court did not deprive Mr. Darko of due process by ruling on the properly filed motion for summary

judgment or acting to manage its docket to schedule a trial date in the event it denied Jefferson Capital's motion for summary judgment.

{¶ 33} Therefore, we overrule Mr. Darko's fourth and final assignment of error.

## VII. Disposition

{¶ 34} Based on the foregoing reasons, the trial court did not err in granting Jefferson Capital's motion for summary judgment. Jefferson Capital sufficiently proved ownership of the account and the balance of the account, and the court did not deprive Mr. Darko of due process by ruling on the motion for summary judgment rather than proceeding to trial. Having overruled Mr. Darko's four assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____