[Cite as *Fed. Natl. Mtge. Assn. v. DeMartin*, 2019-Ohio-2136.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Federal National Mortgage Association et al., | : | |
| | : | |
| Plaintiffs-Appellees, | : | |
| | : | No. 18AP-221 |
| v. | | (C.P.C. No. 17CV-8487) |
| | : | |
| Joan DeMartin, | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

## D E C I S I O N

### Rendered on May 30, 2019

**On brief:** *Reimer Law Co., Mike L. Wiery,* and *Katherine D. Carpenter,* for appellees. **Argued:** *Mike L. Wiery.*

**On brief:** *Joan DeMartin,* pro se. **Argued:** *Joan DeMartin.*

ON APPEAL from the Franklin County Court of Common Pleas

McGRATH, J.

{¶ 1} Defendant-appellant, Joan DeMartin, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of plaintiff-appellee, Federal National Mortgage Association ("Fannie Mae"). For the following reasons, we affirm the trial court judgment.

## I. Facts and Procedural History

{¶ 2} On July 16, 2008, appellant borrowed $298,595 from JPMorgan Chase Bank, N.A., ("Morgan Chase") and signed a note in which she agreed to repay the loan. The note was secured by a mortgage on the property located at 834 South Lazelle Street in Columbus. The loan was subsequently modified several times, resulting in a new balance of $334,909.97, plus interest at 2 percent per annum from April 1, 2017, plus a deferred principal in the amount of $23,000, plus advances for taxes and insurance. (Gauthier Aff.

at ¶ 8.)  On September 8, 2016, Morgan Chase assigned the mortgage to appellee.  The servicing of the mortgage loan was transferred from Morgan Chase to Seterus, Inc. ("Seterus"), effective July 1, 2016.

{¶ 3}  On September 20, 2017, appellee filed a complaint for foreclosure contending that appellant was in default under the terms of the note and mortgage. Appellant had not cured the default and appellee had accelerated the remaining amount due.  On November 28, 2017, appellee filed a motion for summary judgment.  Appellant filed a response. The trial court granted the motion for summary judgment on February 23, 2018, ordering foreclosure and authorizing the sale of the property.

{¶ 4}  Appellant filed a Chapter 7 bankruptcy proceeding on May 3, 2018.  The proceedings were stayed until this court was notified on September 18, 2018 that appellant's bankruptcy had been discharged.

## II. Assignments of Error

{¶ 5}  Appellant filed a timely notice of appeal and raised the following assignments of error for our review:

> 1. The trial court erred by granting summary judgment because of the existence of disputed material facts; specifically the existence of a pending loss mitigation application, which would preclude foreclosure as a matter of law, pursuant to CFR 1024.41, and which federal regulation overrides state law principles according to Article VI of the U.S. Constitution and the Pre-emption doctrine.
>
> 2. The trial court erred in granting summary judgment despite the existence of disputed material facts; specifically, the identity of the correct owner of the mortgage loan.
>
> 3. The trial court erred by not requiring Appellee to join all necessary parties to the instant case; specifically J.P. Morgan Chase Bank.

## III. Standard of Review

{¶ 6}  The trial court granted appellee's motion for summary judgment pursuant to Civ.R. 56(C), which requires that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written

stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.

{¶ 7} In *Rose v. Ohio Dept. of Rehab. & Corr.*, 173 Ohio App.3d 767, 2007-Ohio-6184, ¶ 18 (10th Dist.), this court described its role in reviewing motions for summary judgment decided by trial court:

Appellate review of summary judgment motions is de novo. *Helton v. Scioto County Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. When reviewing a trial court's decision granting summary judgment, we conduct an independent review of the record, and the appellate court "stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383.

{¶ 8} When reviewing an appeal of a judgment granting a motion for summary judgment, this court uses the same standard as the trial court. *Freeman v. Brooks*, 154 Ohio App.3d 371, 2003-Ohio-4814, ¶ 6 (10th Dist.), citing *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992). To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the nonmoving party, no genuine issue of material fact remains to be litigated and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978). "Unsupported allegations in the pleadings do not suffice to necessitate the denial of a summary judgment." *Harless.* A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151 (1974). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 9} A party seeking summary judgment for the reason that a nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and it must identify those parts of the record that demonstrate the absence of

a genuine issue of material fact on the elements of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to support its claims. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. *Id.* If the moving party satisfies its initial burden, then the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. The nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond with specific facts showing there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

## IV. Law and Discussion

{¶ 10} In her first assignment of error, appellant contends that the trial court erred by granting appellee's summary judgment motion because of the existence of a pending loss mitigation application which would preclude a foreclosure as a matter of law. Appellant contends that since appellee had received a complete loss mitigation application from appellant, appellee had an affirmative duty to refrain from moving forward with a foreclosure sale.

{¶ 11} 12 C.F.R. 1024.41(g) provides that if a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing for foreclosure but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale or conduct a foreclosure sale, unless (1) the servicer informed the borrower that the borrower is not eligible for any loss mitigation option, (2) the borrower rejects all loss mitigation options, (3) the borrower fails to perform under an agreement on a loss mitigation option. Thus, 12 C.F.R. 1024.41(g) prohibits a loan servicer from moving for judgment or a foreclosure sale when a complete loss mitigation application is received more than 37 days before a foreclosure sale. Attached to appellant's brief are correspondence from Seterus to appellant. On February 13, 2018, Seterus denied appellant's loss mitigation application. The trial court granted appellee's

motion for summary judgment on February 23, 2018.  All other correspondence is dated after the trial court's judgment.[1]

{¶ 12} All of the letters attached to appellant's brief to this court as Appendix A were not before the trial court.  Most of the correspondence is dated after the trial court's judgment and it indicates that Seterus denied her application.  In fact, appellant attached no Civ.R. 56 materials to her response to appellee's motion for summary judgment.  None of the documents that appellant attached to her brief to this court and argues are relevant were before the trial court and are not part of the trial court record.  An appellate court cannot consider items not properly made a part of the record.  App.R. 9; *Wassenaar v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-712, 2008-Ohio-1220, ¶ 20.  Further, the loss mitigation application had been denied at the time of the trial court judgment.

{¶ 13} In her answer, appellant stated, "Plaintiff has failed to provide Defendant mediation or counseling or other mandatory services before filing this action."  (Answer at ¶ 6.)  Civ.R. 9(C) provides:

> In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.  A denial of performance or occurrence shall be made specifically and with particularity.

{¶ 14} "The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted." *Triangle Props. v. Homewood Corp.*, 10th Dist. No. 12AP-933, 2013-Ohio-3926, ¶ 71, quoting *R.S. Fling & Partners, Inc. v. Cent. Natl. Bank*, 10th Dist. No. 77AP-605 (Dec. 6, 1977).  Appellant was required to provide in her answer that appellee did not comply with conditions precedent with specificity and particularity.  "A general denial of performance of conditions precedent is not sufficient to place performance of a condition precedent in issue." *Lewis v. Wal-Mart, Inc.*, 10th Dist. No. 93AP-121 (Aug. 12, 1993).

{¶ 15} Further, as noted by the trial court, absent a provision within the note or mortgage, appellee was not required to negotiate with appellant for a loan modification

---

[1] During oral argument to this court, appellant argued that she received an extension of time to submit more documents in support of her application but the correspondence demonstrates that appellant's application was again denied on April 5, 2018 and her appeal was denied on April 13, 2018.

and a lender's decision " 'to enforce the written agreements cannot be considered an act of bad faith.' " *U.S. Bank, N.A. v. Bryant*, 12th Dist. No. CA2012-12-266, 2013-Ohio-3993, ¶ 13, quoting *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 443 (1996). Accordingly, appellant did not meet her Civ.R. 56 burden of setting forth specific facts showing there is a genuine issue of material fact for trial. Thus, appellant's first assignment of error is overruled.

{¶ 16} By her second assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because there was a question regarding the identity of the correct owner of the mortgage loan. Appellant argues that both appellee and Morgan Chase claim an ownership right to the loan, along with Fannie Mae. Appellant contends that Morgan Chase claimed an ownership interest in the loan by filing a post-bankruptcy legal claim with TransUnion Credit Reporting Agency.

{¶ 17} While appellant did argue to the trial court that a genuine issue of material fact existed regarding the ownership of the loan, appellant did not provide any Civ.R. 56 materials in support of her argument. In fact, the materials she attached to her brief in this court are not dated post-bankruptcy.

{¶ 18} Appellee attached to the complaint a copy of the note and mortgage and the assignment to Fannie Mae dated September 8, 2016. Further, the affidavit attached to its motion for summary judgment set forth that appellant defaulted under the terms of the note and mortgage, the default was not cured, and Fannie Mae accelerated the loan payment. Accordingly, the record indicates the mortgage was assigned to appellee before it filed its complaint, and, therefore, it had standing to foreclose. *See, Wells Fargo Bank, N.A. v. Parrish*, 10th Dist. No. 15AP-243, 2015-Ohio-4045, ¶ 14, quoting *Wells Fargo Bank, N.A. v. McGowan*, 8th Dist. No. 101779, 2015-Ohio-1544, ¶ 13, quoting *CitiMortgage, Inc. v. Patterson*, 8th Dist. No. 98360, 2012-Ohio-5894, ¶ 21 (" ' "[A] party may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note." ' (Emphasis omitted.).").

{¶ 19} Thus, appellant did not dispute with proper Civ.R. 56 materials that appellee was the correct owner of the mortgage loan before the trial court. Appellant's second assignment of error is overruled.

{¶ 20} In her third assignment of error, appellant contends that the trial court erred by not requiring appellee to join all necessary parties to the instant case; specifically Morgan Chase. Appellant argues that Morgan Chase filed a "post-bankruptcy legal interest" with TransUnion Credit Reporting Agency in the mortgage loan on August 22, 2018 and thus, it appears Morgan Chase still has an ownership interest in appellant's loan.

{¶ 21} Appellant attached a letter from Morgan Chase from June 16, 2016 that informs appellant beginning July 1, 2016, the servicing of her mortgage loan will transfer from Morgan Chase to Seterus. Appellant also attached a partial print out from her TransUnion credit report that indicated Morgan Chase opened a loan on July 16, 2008 and closed it on July 1, 2016. Appellant attached no document that indicated Morgan Chase had an ownership interest in the loan after July 1, 2016. Furthermore, these documents were not submitted to the trial court, but were attached to her brief to this court.

{¶ 22} As set forth in response to appellant's second assignment of error, appellee properly had standing to foreclose. Appellee attached to the complaint a copy of the note and mortgage and the assignment to Fannie Mae dated September 8, 2016. Accordingly, the trial court did not err in failing to require appellee to join necessary parties because Morgan Chase was not a necessary party. Appellant's third assignment of error is overruled.

## V. Conclusion

{¶ 23} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J. and BRUNNER, J., concur.

McGRATH, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____