[Cite as *Harris v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-5137.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Herman Harris, Jr., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-81 |
| v. | : | (Ct. of Cl. No. 2016-00883JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 12, 2019

**On brief:** *Swope and Swope*, and *Richard F. Swope*, for appellant. **Argued:** *Richard F. Swope*.

**On brief:** *Dave Yost*, Attorney General, and *Christopher P. Conomy*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, P.J.

{¶ 1} Plaintiff-appellant, Herman Harris, Jr., appeals a judgment of the Court of Claims of Ohio in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction, following a trial on liability. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} On May 2, 2016, appellant, an inmate at the Pickaway Correctional Institution, was working in the central food service area of the facility. As part of his work responsibilities, appellant was assigned the task of moving a quantity of frozen food from a freezer to a food waste pulper for disposal. Appellant loaded the frozen food onto sheet pans and placed the sheet pans on a movable rack. The rack was a little over six feet high

and approximately two feet wide. The rack was mounted on four wheels. Each wheel could swivel. Appellant was pushing the loaded rack from the area of the freezer to the food waste pulper, a distance of approximately 25 yards. Due to its height, the rack partially obstructed appellant's view as he pushed it towards the food pulper. Appellant had not performed this task before.

{¶ 3} As appellant approached the pulper, one of the front wheels on the rack rolled down into a recessed covered floor drain causing the rack to tilt. The drain cover was recessed below the surface of the surrounding floor by less than two inches. As the rack tilted, the sheet pans began to slide off the rack. Appellant attempted to block the sheet pans from sliding completely off the rack but the entire rack tipped over onto him. Appellant sustained injuries as a result of the accident.

{¶ 4} Appellant brought a negligence claim against appellee alleging that appellee failed to exercise reasonable care by not repairing the defective drain or warning him of the hazard. The trial court bifurcated the issues of liability and damages, and a magistrate held an evidentiary hearing solely on the issue of liability. The magistrate found that the recessed drain cover was defective and created an unreasonable risk of harm. However, the magistrate found no liability on the part of appellee based on appellant's failure to prove that appellee had actual or constructive knowledge of the hazard.

{¶ 5} Appellant filed objections to the magistrate's decision. Following a de novo review, the trial court agreed with the magistrate that the pictures of the drain cover reflected a defect but that appellant failed to prove appellee had actual or constructive knowledge of the hazard prior to appellant's accident. Therefore, the trial court overruled appellant's objections and adopted the magistrate's findings of fact and conclusions of law.[1] Appellant appeals, assigning the following errors:

> [1.] The trial court and the magistrate erred in sustaining an objection to a relevant admissible question concerning maintenance and work orders relating to the condition of the drain.

---

[1] The trial court did sustain in part one of appellant's objections that involved an evidentiary issue. However, for the reasons noted in our analysis of appellant's first assignment of error, this issue is of no consequence.

[2.] The trial court and magistrate erred in ruling the evidence failed to establish the hazard existed for a long enough time so defendant-appellee knew of the hazard.

[3.] The trial court and magistrate erred in finding the photographs, defendant's exhibit A and plaintiff's exhibit 4, did not establish the condition of the drain had existed for sufficient time to provide constructive notice of the hazard.

[4.] The trial court and magistrate erred in ruling the record did not support regular inspection of the kitchen which should have revealed the hazard.

[5.] The decision of the magistrate and trial court are against the manifest weight of the evidence and are contrary to law.

## STANDARD OF REVIEW

{¶ 6} We note that the parties dispute the applicable standard of review. Pursuant to Civ.R. 53, a trial court conducts a de novo review of a magistrate's decision, undertaking an independent review of the matters objected to in order to determine whether the magistrate has properly determined the factual issues and appropriately applied the law. Civ.R. 53(D)(4)(d). *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 6. However, the standard of review on appeal from a trial court judgment that adopts a magistrate decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court, and (2) raised on appeal by assignment of error. *Williams v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-621, 2019-Ohio-2194, ¶ 16; *Starner v. Merchants Holding LLC*, 10th Dist. No 17AP-621, 2018-Ohio-1165, ¶ 15; *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14. Therefore, we will identify the applicable standard of review in the context of our legal analysis.

## LEGAL ANALYSIS

{¶ 7} In a negligence action, the plaintiff bears the burden of proving by a preponderance of the evidence that the defendant breached a duty owed to him and that the breach proximately caused the injury. *Barnett v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1186, 2010-Ohio-4737, ¶ 17, citing *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998). Typically, under Ohio law premises liability is dependent upon the injured person's status as an invitee, licensee, or trespasser. *Cordell v. Ohio Dept. of Rehab.*

*& Corr.*, 10th Dist. No. 08AP-749, 2009-Ohio-1555, ¶ 6, citing *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315 (1996). Because of the custodial relationship between the state and an inmate, the state has a duty to exercise reasonable care to prevent inmates in its custody from being injured by dangerous conditions about which the state knows or should know. *Cordell* at ¶ 6.

{¶ 8}  "The state's duty of reasonable care does not render it an insurer of inmate safety." *Allen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-619, 2015-Ohio-383, ¶ 17. "Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-177, 2004-Ohio-5545, ¶ 16. "Where an inmate also performs labor for the state, the state's duty must be defined in the context of those additional factors which characterize the particular work performed." *Barnett* at ¶ 18. However, it is well-established that ordinary prison labor performed by an inmate in a state correctional institution facility is not predicated on an employer-employee relationship. *Id.* at ¶ 11, citing *McElfresh* at ¶ 14.

{¶ 9}  In his first assignment of error, appellant argues that the magistrate erred when he sustained an objection to a question appellant's counsel posed to correctional officer, Rhett Butler, about his knowledge of repairs to the drain cover following appellant's accident. Appellant's counsel began this line of inquiry by referring Butler to plaintiff's exhibit No. 2, a work order request to "[f]ix drain cover at unloading dock." Butler's name does not appear on plaintiff's exhibit No. 2 and it does not appear from the record that there was a foundation for introducing this exhibit through Butler. However, the magistrate sustained an objection to this line of inquiry based on Evid.R. 407, subsequent remedial measures.[2] Appellant's counsel did not proffer what Butler's testimony would have been.

{¶ 10} A trial court has broad discretion to admit or exclude evidence, and in the absence of an abuse of discretion that results in material prejudice, an appellate court should be slow to reverse evidentiary rulings. *Ford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-357, 2006-Ohio-2531, ¶ 67. An abuse of discretion connotes more than

---

[2] The magistrate ultimately admitted plaintiff's exhibit Nos. 2 and 3 (a second work order request apparently for the same drain cover) solely as evidence that the drain cover was defective.

error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} Appellant argues that the magistrate abused his discretion in sustaining the objection to his counsel's question concerning Butler's knowledge of repairs to the drain cover following the accident. Appellant asserts that this line of inquiry was intended only to establish that the drain cover was defective, and therefore, needed to be fixed. Appellant made this same argument in an objection to the magistrate's decision filed with the trial court. Exercising its de novo review, the trial court sustained the objection in part finding that evidence of repairs to the drain cover could be considered for purposes of establishing that the drain cover was defective and needed repairs following appellant's accident. The trial court also adopted the magistrate's findings of fact, including the finding that the drain cover was defective and created an unreasonable risk of harm. Therefore, any possible error by the magistrate in sustaining an objection to appellant's question to Butler about his knowledge of work performed on the drain cover after appellant's accident was undoubtedly harmless. Consequently, we overrule appellant's first assignment of error.

{¶ 12} Appellant's remaining assignments of error all challenge the trial court's finding that appellant failed to prove appellee had constructive notice of the hazard created by the defective drain cover prior to appellant's accident.[3] Therefore, we will consider them together. These assignments of error were all raised in objections to the magistrate's decision filed in the trial court.

{¶ 13} Appellant argues that pictures of the drain cover (defendant's exhibit A and plaintiff's exhibit No. 4) demonstrate that the drain cover was in a defective condition for a sufficient time to impose upon appellee constructive notice of the hazard and that regular inspections of the food service area by appellee would have revealed the hazard.[4] Based on these pictures, appellant contends that judgment in favor of appellee is against the manifest weight of the evidence. We disagree.

---

[3] Appellant does not argue on appeal that appellee had actual knowledge of the hazard.

[4] Appellant also argues that work order requests (plaintiff's exhibit Nos. 2 and 3) are evidence of constructive notice. However, these documents were admitted for the limited purpose of establishing a defect. The trial court expressly found that these exhibits could not be considered for purposes of establishing constructive notice of the defect. Appellant does not challenge this evidentiary limitation in this appeal.

{¶ 14} When reviewing whether a judgment is against the manifest weight of the evidence, this court has stated "[j]udgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence." *Ensman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-592, 2006-Ohio-6788, ¶ 4, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. In a manifest-weight analysis, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Cordell*, 10th Dist. No. 08AP-749, 2009-Ohio-1555, ¶ 7, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). However, the credibility of witnesses is an issue primarily for the trier of fact, who stands in the best position to evaluate such matters. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77 (1984). If the evidence is susceptible to varied conclusions, this court must interpret it in a manner consistent with the findings of fact, verdict, and judgment of the trial court. *Cordell* at ¶ 7, citing *Ensman* at ¶ 4. Stated another way, manifest-weight challenges require the challenging party to "demonstrate that the evidence could lead to only one conclusion and that conclusion is contrary to judgment." *Galay v. Ohio Dept. of Transp.*, 10th Dist. No. 05AP-383, 2006-Ohio-4113, ¶ 14.

{¶ 15} "Constructive notice is that which the law regards sufficient to give notice to a party; it is a substitute for actual notice." *Fraley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-731, 2019-Ohio-2804, ¶ 30, citing *In re Fahle's Estate*, 90 Ohio App. 195, 197-98 (6th Dist.1950). Constructive notice of a defective condition can be imputed to a defendant when the plaintiff presents evidence establishing that the defect could or should have been discovered. *Fraley* at ¶ 30. "A plaintiff cannot prove constructive notice of a hazard without a factual basis that the hazard existed for a sufficient time to enable the exercise of ordinary care." *Sharp v. Andersons, Inc.*, 10th Dist. No. 06AP-81, 2006-Ohio-4075, ¶ 12. As stated by the Supreme Court of Ohio in *Presley v. Norwood*, 36 Ohio St.2d 29, 32 (1973):

> If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice. In order to

> support such an inference, the [trier of fact] must be presented with evidence sufficient to indicate that a dangerous condition has * * * existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

(Internal citations omitted.) In cases involving allegations of constructive notice, evidence of how long the hazard existed is required to prove a breach of the duty to exercise reasonable care. *Andersons* at ¶ 12.

{¶ 16} Here, the only admissible evidence appellant cites on the issue of constructive notice are two photographs of the drain cover. Although the pictures of the drain cover show that the drain cover is cracked in a few places and is somewhat recessed in comparison with the surrounding floor, the cracks appear minor and the degree to which the drain cover is recessed is unclear. The pictures reveal little about how long the drain cover had been in this condition. The pictures were taken sometime after appellant's accident. Appellant testified that the rack's front wheel hit the drain cover with sufficient force to bend the wheel. It is certainly possible that the weight of the rack and the forces involved in the accident may have altered the drain cover. Even if the trial court concluded that the drain cover was in the condition depicted in the pictures at the time of the accident, it found that the photographs did not prove that the defect existed for a period of time sufficient to constitute constructive notice of the hazard. We find that the photographs do not require us to reach a conclusion contrary to the trial court's judgment.

{¶ 17} Lastly, appellant did not present any evidence regarding how often appellee conducted inspections of the food service area or whether regular inspections should or would have revealed the hazard posed by the drain cover prior to the accident. Again, without evidence establishing the length of time, if any, that the defect in the drain cover existed prior to appellant's accident, there is no evidence that the hazard would have been revealed during an inspection. *Fraley* at ¶ 42 (Insufficient evidence that reasonable inspection would have uncovered the defect in the handrail prior to plaintiff's fall.). Given our deferential standard of review, and the lack of evidence that the defect in the drain cover existed for a sufficient period of time to impose upon appellee constructive notice of a hazard, we cannot conclude that the trial court's judgment is against the manifest weight of

the evidence.      Therefore, we overrule appellant's second, third, fourth, and fifth assignments of error.

**CONLCUSION**

{¶ 18} Having overruled all appellant's assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

———————