[Cite as *Griffin v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-2626.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Mark Griffin,                          :

         Plaintiff-Appellant,         :          No. 23AP-646
                                                    (Ct. of Cl. No. 2022-00339JD)

v.                                       :

                                         (ACCELERATED CALENDAR)

Ohio Department of Rehabilitation and    :
Correction,

                                          :

         Defendant-Appellee.          :

---

D E C I S I O N

Rendered on July 11, 2024

---

**On brief:** *Mark Griffin*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Jeanna V. Jacobus*, and *Chelsey Capezzuti*, for appellee.

---

APPEAL from the Court of Claims of Ohio

JAMISON, J.

{¶ 1} Plaintiff-appellant, Mark Griffin, appeals from the September 27, 2023 judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Griffin was an inmate at the Toledo Correctional Institution. On June 26, 2021, Griffin alleged he was electrically shocked and injured when he flipped the light switch in his cell.

{¶ 3} On April 18, 2022, Griffin filed an action for negligence against ODRC. On July 24, 2023, ODRC filed a motion for summary judgment, and Griffin filed responses in August 2023. On September 27, 2023, the Court of Claims granted ODRC's motion.

{¶ 4} Griffin now brings this appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant assigns the following assignments of error for our review:

[1.] The magistrate errored when he ignored the documented (ORC 4018) conduct report against the appellant, filed June 26, 2021, the defendant's agents, first making un-true and un-founded claims the appellant had broke the toggle switch and wires were ripped out from inside the light fixture.

[2.] The magistrate ignored the documents attached to appellant's opposition to the defendant's motion for summary judgment, the attached documents that were provided by the (defendant) actually stating the cause of incident.

[3.] The magistrate can not grant summary judgment where a genuine issue as to a material fact, in this instant case the defendant's prison (electricians) had changed out wiring and lights to out-fit (LED lights) and this has caused (ARC flashes) to build up and cause electrocal fire.

[4.] The magistrate errored by holding the appellant, to providing (constructive notice) to defendant, where the (defendant) has provided documented evidence of electrocal malfunction-electrocal failure was direct cause of appellant's injuries.

(Sic passim.) (Emphasis omitted.)

## III. STANDARD OF REVIEW

{¶ 6} Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Wynn v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 04AP-163, 2005-Ohio-460. This means that "the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).

{¶ 7} Summary judgment is appropriate under Civ.R. 56(C) when: "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being

adverse to the nonmoving party." *Allen v. Dept. of Adm. Servs. Office of Risk Mgt.*, 10th Dist. No. 19AP-729, 2020-Ohio-1138, ¶ 15.

{¶ 8} "When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element or elements of the nonmoving party's claims." *Simms v. Penn Natl. Gaming, Inc.*, 10th Dist. No. 21AP-185, 2022-Ohio-388, ¶ 18, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Henkle v. Henkle*, 75 Ohio App.3d 732 (12th Dist.1991).

## IV. LEGAL ANALYSIS

{¶ 9} Griffin asserts four assignments of error, and because they are interrelated, we shall consider them together. Griffin argues the Court of Claims erred by granting summary judgment because there are issues of material fact as to the cause of the electrical malfunction. For the following reasons, we disagree.

{¶ 10} To recover on his negligence claim, he must prove by a preponderance of the evidence: "(1) that a defendant owed the plaintiff a duty, (2) that a defendant breached that duty, and (3) that the breach of the duty proximately caused a plaintiff's injury." *Ford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-357, 2006-Ohio-2531, ¶ 10. Griffin's negligence claim is based on premises liability. "Ohio adheres to the common-law classifications of invitee, licensee, and trespasser." *Simms* at ¶ 20, citing *Carpenter v. Mt. Vernon Gateway, Ltd.*, 5th Dist. No. 13CA6, 2014-Ohio-465, ¶ 19, citing *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 417 (1994). But there is a unique custodial relationship between ODRC and its inmates. "ODRC owes prison inmates a duty of reasonable care and protection from dangerous conditions about which ODRC knows or should know." *Dillon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-392, 2023-Ohio-942, ¶ 42.

{¶ 11} The common-law duty of reasonable care is "that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and

includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-177, 2004-Ohio-5545, ¶ 16. The special relationship between ODRC and an inmate "does not expand or heighten the duty of ordinary reasonable care." *Id.*

{¶ 12} To establish a breach of duty, an inmate must show that the actions giving rise to the injuries were foreseeable by ODRC and has the burden to prove that ODRC had notice of the dangerous defect or condition. *Powers v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-504, 2003-Ohio-6566.

{¶ 13} The state does not ensure inmate safety, but once ODRC has notice and becomes aware of a dangerous condition in the institution, the state must take appropriate reasonable care to prevent an injury to an inmate. *Barnett v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1186, 2010-Ohio-4737, ¶ 23.

{¶ 14} Notice is characterized as actual or constructive, with "the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 9. Actual notice is information that is "personally communicated to or received by the party," while constructive notice is "that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 14. A plaintiff may submit evidence that a hazard existed long enough that an owner's failure to repair or warn others is failure to exercise reasonable care. *Presley v. Norwood*, 36 Ohio St.2d 29 (1973).

{¶ 15} The record supports the conclusion there was no evidence of actual notice in the record. ODRC avers in affidavits that there were no known problems with the light switch and Griffin had not reported any concerns.

{¶ 16} Griffin failed to present sufficient evidence that ODRC was aware of a dangerous defect. Griffin has not shown how long the condition had existed or any other circumstances that would give rise to constructive notice of a defect with the light switch. Therefore, ODRC did not have constructive notice of the hazard. Accordingly, Griffin did not meet his Civ.R. 56(C) burden of identifying specific facts showing a genuine issue of material fact, and the trial court did not err in entering summary judgment in favor of

ODRC on Griffin's negligence claim.  *Fed. Natl. Mtge. Assn. v. DeMartin*, 10th Dist. No. 18AP-221, 2019-Ohio-2136.

{¶ 17}  Accordingly, Griffin's four assignments of error are overruled.

## V.  CONCLUSION

{¶ 18}  Having overruled Griffin's four assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

————————————