[Cite as *Donaldson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-6110.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ora J. Donaldson, Jr.,             :

        Plaintiff-Appellant,       :        No. 24AP-425
                                              (Ct. of Cl. No. 2023-00371JD)

v.                           :

                                   (ACCELERATED CALENDAR)

Ohio Department of Rehabilitation and   :
Correction,

                              :

        Defendant-Appellee.       :

                              :

D E C I S I O N

Rendered on December 31, 2024

**On brief:** *Ora J. Donaldson, Jr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Maggie Shaver*, and
*Charles R. Janes*, for appellee.

APPEAL from the Court of Claims of Ohio

MENTEL, P.J.

{¶ 1} Plaintiff-appellant, Ora J. Donaldson, Jr., appeals from a June 18, 2024 decision granting the motion for summary judgment of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 29, 2022, Donaldson, an inmate at the Correctional Reception Center ("CRC"), sustained injuries "while * * * awaiting transfer to the plaintiff's parent institution." (Compl. at 1.) According to Donaldson, he suffered injuries from an "improperly cared for and improperly maintained, and broken prison issued equipment i.e. a prison issued bed frame, which collapsed and has caused the plaintiff sever[e] personal injury." (Compl. at 1.) Donaldson alleged that ODRC was negligent and breached its duty

of care when the "bed frame that the plaintiff was laying in collapsed." (Compl. at 3.) Donaldson contends that ODRC staff was aware of the faulty bed frame as they would conduct "shake downs" and "separate these bedframes by breaking them apart as part of the cell shake downs sometimes as part of the inmates punishment, while conducting these shake downs causing the pins that connect the bed frame to the sleeping platform to become broken and missing which in turn cause a type of pendulum effect that then caused the frame to collapse in on itself." (Sic. passim.) (Compl. at 3.) On May 22, 2023, Donaldson filed a complaint asserting a negligence claim against ODRC. On July 5, 2023, ODRC filed an answer denying all allegations in the complaint.

{¶ 3} On May 10, 2024, ODRC filed a motion for summary judgment under Civ.R. 56(C). ODRC submitted affidavits from Corrections Specialist Madeline Jackson and Corrections Officer Dustie Carner with its motion for summary judgment. In both affidavits, the officers averred that Donaldson never reported or raised concerns with the bedframe until after the incident. (Carner Aff. at ¶ 7; Jackson Aff. at ¶ 10.) "Neither Mr. Donaldson nor any other incarcerated person personally notified any employees or agents of [O]DRC that there was a potential safety issue or problem with the bed frame in cell R2- 1106 before the April 29th incident." (Jackson Aff. at ¶ 11.) Jackson also provided that the rounds of the unit or searches of the cell did not reveal any hazard, risk, or defect with Donaldson's bedframe before the incident. (Jackson Aff. at ¶ 12.) On June 3, 2024, Donaldson filed an "Objection to Motion for Summary Judgment," which the trial court construed as a memorandum in opposition to ODRC's motion for summary judgment. A reply brief was filed on June 7, 2024.

{¶ 4} On June 18, 2024, the trial court granted ODRC's motion for summary judgment finding that there was no reasonable dispute of material fact in this case and ODRC was entitled to judgment as a matter of law. The trial court explained that ODRC's motion and attached affidavits satisfied its initial burden to demonstrate that there was no reasonable dispute of fact that it had no prior notice of any hazard or defect with the bedframe. The trial court found that Donaldson failed to meet his reciprocal burden by

setting forth specific facts, through an affidavit or other permissible evidence pursuant to Civ.R. 56(E), showing that there was a genuine dispute for trial.

{¶ 5} Donaldson filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

[I.] The Court of Claims erred in granting the Defendants motion for summary judgment under civil rule 56 (c) violating the Plaintiffs 6th and 14th constitutional right to due process.

[II.] The Court of Claims erred by failing to accept, and hear, Plaintiffs opposition to the defendant's motion for summary judgement.

[III.] The Court of Claims erred in granting the Defendants motion for summary judgement by violating the Plaintiffs constitutional rights of prisoners 15-8-1.

[IV.] The Court of Claims erred by failing to compel the defendants to provide the Plaintiff with discovery after the Plaintiffs repeatedly requested discovery in a timely manner.

[V.] the Court of Claims erred in holding the pro se Plaintiff to the same standards as a licensed practicing attorney.

[VI.] The Court of Claims erred by granting summary judgement under civil rule 56 (c) to the Defendants.

[VII.] The Court of Claims erred in accepting the self-serving affidavits of the Defendants witnesses without providing any documented as to any proof that any security searches or safety inspection was conducted unit R 2 cell 1106 which is ODRC policy to document any and all cell search and inspection.

(Sic passim.)

## III. LEGAL ANALYSIS

### A. App.R. 16

{¶ 7} Preliminarily, we note that Donaldson's brief fails to comply with App.R. 16. Pursuant to App.R. 16(A)(7), an appellant must include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Here, Donaldson has failed to separately argue each assignment of error as well as cite to parts of the record which he relies. "While it is within this court's discretion to address assignments of error

together, a party does not have this choice and is required to argue each assignment of error separately in its brief." *Jabr v. Burger King*, 10th Dist. No. 21AP-463, 2022-Ohio-773, ¶ 11, citing *Fiorilli Constr., Inc. v. A. Bonamase Contracting, Inc.*, 8th Dist. No. 94719, 2011-Ohio-107, ¶ 30. In the interests of justice, however, we will address Donaldson's assignments of error as best we can discern.

### B. Appellant's Fifth Assignment of Error

{¶ 8} For ease of discussion, we will address Donaldson's arguments out of order. In Donaldson's fifth assignment of error, he argues that the trial court erred by holding him to the same standard as a licensed attorney. This argument is without merit.

{¶ 9} The Supreme Court of Ohio has declared that " 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' " *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, ¶ 5; *see also State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App. 3d 651, 654 (10th Dist.2001) (" 'It is well-established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' "). In all civil matters, the same rules and standards apply to pro se litigants as those parties that are represented by counsel. *Habtemariam-Brown v. Christensen*, 10th Dist. No. 23AP-517, 2024-Ohio-4464, ¶ 13, citing *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *Fuller* at ¶ 10. Donaldson's fifth assignment of error is overruled.

### C. Appellant's First and Third Assignments of Error

{¶ 10} In Donaldson's first assignment of error, he contends that the trial court's denial of his motion for summary judgment violated his constitutional rights to due process under the Sixth and Fourteenth Amendments to the United States Constitution. Similarly, in Donaldson's third assignment of error, he contends that his constitutional rights were violated when the trial court granted ODRC's motion for summary judgment.[1]

{¶ 11} As an initial matter, we note that Donaldson did not raise any constitutional arguments before the trial court. It is well settled that we do not address new arguments

---

[1] To the extent Donaldson's first and third assignments of error contend the trial court erred in its resolution of ODRC's motion for summary judgment, we will address those arguments in Section D of this decision.

for the first time on appeal. " 'Issues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court.' " *Deutsche Bank Natl. Trust Co. v. Stone,* 10th Dist. No. 20AP-94, 2021-Ohio-3007, ¶ 12, quoting *Premiere Radio Networks, Inc. v. Sandblast, L.P.,* 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 7; *see also J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.,* 10th Dist. No. 13AP-732, 2014-Ohio-1963, ¶ 19 ("Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal."). Thus, we find that Donaldson has forfeited such arguments on appeal.

{¶ 12} Alternatively, even if Donaldson had raised such constitutional arguments, the Court of Claims lacks jurisdiction to consider such claims. "It is well-settled the Ohio Court of Claims is without jurisdiction to consider claims for relief premised upon alleged violations of either the Ohio or the United States Constitutions." (Further citation and quotation omitted.) *Smith v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 22AP-604, 2023-Ohio-1007, ¶ 17; *see also Jackson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 19AP-621, 2020-Ohio-1518, ¶ 12, citing *Cotten v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 18 ("As a court of limited jurisdiction, the Court of Claims has no subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights."). Constitutional causes of action are not actionable in the Court of Claims because a plaintiff is restricted to claims that could be brought between private parties. *Smith* at ¶ 17.

{¶ 13} Donaldson's first and third assignments of error are overruled.

### D. Appellant's Second, Fourth, Sixth, and Seventh Assignments of Error

{¶ 14} Donaldson's second, fourth, sixth, and seventh assignments of error concern the trial court's resolution of ODRC's motion for summary judgment. As these arguments are intertwined, we will address them together.

### 1. Standard of Review

{¶ 15} As set forth in Civ.R. 56(C), the party moving for summary judgment bears the initial burden of demonstrating for the trial court the basis for the motion and identifying those portions of the record showing the absence of a genuine issue of material fact. *Price v. Evans Auto Repair, Inc.,* 10th Dist. No. 23AP-401, 2024-Ohio-5108, ¶ 12, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). "However, the moving party cannot

discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims."   (Further citation omitted.) *Meredith v. ARC Indus., Inc. of Franklin Cty.*, 10th Dist. No. 24AP-117, 2024-Ohio-4466, ¶ 20.   If the moving party fails to satisfy its initial burden, the trial court must deny the motion for summary judgment.   *Price* at ¶ 12.

{¶ 16} If the moving party has met its initial burden under Civ.R. 56(C), then the nonmoving party " ' "has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." ' " *Meredith* at ¶ 22, quoting *Heimberger v. Zeal Hotel Group, Ltd.*, 10th Dist. No. 15AP-99, 2015-Ohio-3845, ¶ 14, quoting *Dresher* at 293.   The nonmoving party may not rest on the mere allegations in the pleadings.  *Id.*  Instead, the nonmoving party must point to or submit some evidentiary material that shows the existence of a genuine dispute over the material fact.  *Meredith* at ¶ 22, citing *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 30, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991). In the summary judgment context, a "material" fact is one that could affect the outcome of the case under the applicable substantive law.  *Id.*, citing *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993).

{¶ 17} Summary judgment is only appropriate when the moving party demonstrates "(1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Akarah v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 23AP-743, 2024-Ohio-4499, ¶ 14, citing Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).   When ruling on a motion for summary judgment, a reviewing court must resolve all doubts and construe the evidence in a light most favorable to the nonmoving party. *Akarah* at ¶ 14, citing *Premiere Radio Networks, Inc.*, 2019-Ohio-4015, at ¶ 6, citing *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.   In cases when competing inferences may be drawn, summary judgment is not appropriate and

such matters must be resolved by the trier of fact. *Meredith* at ¶ 24, citing *Sprouse v. Allstate Ins. Co.*, 10th Dist. No. 89AP-131, 1989 Ohio App. LEXIS 3990 (Oct. 17, 1989), citing *Duke v. Sanymetal Prods. Co.*, 31 Ohio App.2d 78 (8th Dist.1972).

{¶ 18} We review the grant of summary judgment under a de novo standard of review. *Premiere Radio Networks, Inc.* at ¶ 6, citing *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.). "Under the de novo standard of review, we apply the same legal standard as the trial court but conduct an independent review of the evidence without deference to the trial court's decision." *Meredith* at ¶ 23.

### 2. Negligence

{¶ 19} Donaldson presents a negligence claim[2] alleging "[ODRC is] liable in this action due to the improper care and maintenance of prison issued equipment i.e. a prison issued bed frame the plaintiff was assigned to while in the Ohio Correctional Receptions Center in Orient Ohio awaiting classification and transfer." (Sic passim.) (Compl. at 4.) To recover on a claim of negligence, Donaldson must show that (1) ODRC owed him a duty, (2) ODRC breached that duty, and (3) the breach proximately caused his injuries. *George v. Miami Univ.*, 10th Dist. No. 23AP-339, 2024-Ohio-5281, ¶ 19, citing *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-787, 2013-Ohio-5106, ¶ 6, citing *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 22. While the state is not the insurer of the safety of its inmates, once ODRC is aware of a dangerous condition in the institution, it must take reasonable care to make certain the inmate is not injured. *Griffin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 23AP-646, 2024-Ohio-2626, ¶ 13, citing *Barnett v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1186, 2010-Ohio-4737, ¶ 23. The custodial relationship between the state and an inmate requires the state to exercise reasonable care to prevent inmates in its custody from injury due to dangerous conditions about which the state knows or should know. *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-81, 2019-Ohio-5137, ¶ 7, citing *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th

---

[2] Donaldson's complaint asserts that ODRC displayed a "deliberate indifference, willful and serious misconduct, careless indifference and disregard to life and safety, gross negligence, willful and wanton negligence, culpable negligence, civil recklessness, and breach of duty for failing to keep the Plaintiff in this action safe from injury due to the improper maintenance, and care of prison issued equipment." (Sic passim.) (Compl. at 2.) The Court of Claims examined the underlying nature of the claims and determined Donaldson's cause of action amounted to an ordinary negligence claim. (June 18, 2024 Decision at 4.) Because Donaldson has not raised in any of his assignments of error that the trial court erred in framing his case in this manner, we will review it as a negligence case.

Dist. No. 08AP-749, 2009-Ohio-1555, ¶ 6. " 'Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know.' " *Harris* at ¶ 8, quoting *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-177, 2004-Ohio-5545, ¶ 16. This court has held that it is the plaintiff's burden to demonstrate that ODRC had actual or constructive notice of the dangerous condition, in this case the bedframe, prior to the incident. *See, e.g., Powers v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-504, 2003-Ohio-6566, ¶ 10, citing *Presley v. Norwood*, 36 Ohio St.2d 29, 31 (1973). "Actual notice is information that is 'personally communicated to or received by the party,' while constructive notice is 'that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice.' " *Griffin* at ¶ 14, quoting *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-1052, 2010-Ohio-4736, ¶ 14. An inmate may submit evidence that the hazard existed long enough that ODRC's failure to repair or warn others is a failure to exercise ordinary care. *Id.*, citing *Presley.*

{¶ 20} In its motion for summary judgment, ODRC argued that it was entitled to summary judgment because it did not have a duty to protect Donaldson as it had neither actual nor constructive notice of any hazard or defect that rendered the bedframe unreasonably dangerous. In support of its motion, ODRC provided affidavits by Jackson and Carner attesting that ODRC did not receive notice of any issues with the bedframe. Jackson, a Corrections Specialist, is responsible for "overseeing the daily activities/operations of the housing unit within the institution and supervising correctional staff. Pursuant to [Jackson's] duties, [she] worked together with staff and other departments at the institution to be responsive to the concerns of staff and the needs of incarcerated people." (Jackson Aff. at ¶ 3.) Jackson provided that a "written record is prepared and submitted to the maintenance department" when notices of a potential hazard or defect is received. (Jackson Aff. at ¶ 5.) Jackson averred that "[she] is aware of all kites, grievances, and work orders which are completed in the CRC housing units" and neither Donaldson nor another inmate "notified any employees or agents of [O]DRC that there was a potential safety issue or problem with the bed frame" before the incident. (Jackson Aff. at ¶ 7, 10.) Jackson also noted that "[n]either rounds of the unit nor searches

of the cell revealed any hazard, risk, or defect in Mr. Donaldson's cell, specifically the bed frame, prior to the incident." (Jackson Aff. at ¶ 12.) Carner, a Corrections Officer at CRC, averred that "Donaldson never reported or raised any concerns regarding the bed frame until after the incident." (Carner Aff. at ¶ 7.) Upon review, we agree with the trial court that ODRC met its initial burden under Civ.R. 56(C) as it did not have actual or constructive notice of any hazard or defect with the bed frame prior to the incident.

{¶ 21} Donaldson argues that the Jackson and Carner affidavits are self-serving, and ODRC failed to provide additional documentation that corroborates the statements made in the affidavits. Civ.R. 56(C) restricts the types of materials a court may consider when ruling on a motion for summary judgment. "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Supporting or opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E).

{¶ 22} In *Kiser v. United Dairy Farmers*, 10th Dist. No. 22AP-539, 2023-Ohio-2136, we clarified precedent out of our district regarding motions for summary judgment and "self-serving" affidavits writing, "[Civ.R. 56] does not require either party to corroborate competent testimonial evidence made on personal knowledge. It does not prohibit either party from submitting 'self-serving' evidence that conforms with the rule." *Id.* at ¶ 23; *see also Bay v. Brentlinger Enters.*, 10th Dist. No. 15AP-1156, 2016-Ohio-5115, ¶ 28 ("The fact that evidence or testimony is 'self-serving' is not a basis under any of the Ohio Rules of Evidence for excluding or ignoring evidence. * * * In fact, any affidavit by a party that is beneficial to that party is likely to be intrinsically self-serving."). Here, while the affidavits provided by ODRC are "self-serving," they are based on personal knowledge and set forth facts that would be admissible in evidence. Both Jackson and Carner are competent to testify to matters stated in the affidavit. As such, we are not persuaded by Donaldson's argument that ODRC was required to provide additional documentation to corroborate the affidavits.

{¶ 23} In his memorandum in opposition, Donaldson has failed to meet his reciprocal burden under Civ.R. 56 by identifying specific facts to demonstrate that there is a genuine issue of material fact. Donaldson provides no evidence that ODRC was aware of any issues with the bedframe or other circumstances that would give constructive notice of the defect with the bedframe. *Griffin* at ¶ 16. As set forth previously, the nonmoving party " 'has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.' " *Meredith*, 2024-Ohio-4466, at ¶ 22, quoting *Heimberger*, 2015-Ohio-3845, at ¶ 14; *see also Grady*, 78 Ohio St. 3d at 183 ("When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of the pleading, but must respond by affidavit or as otherwise provided in Civ.R. 56, setting forth specific facts showing the existence of a genuine triable issue."). We find Donaldson's response conclusory and failed to show, through affidavit or other Civ.R. 56 evidence, that there is a genuine issue of material fact in this case. As such, the trial court did not err in granting ODRC's motion for summary judgment.

{¶ 24} Donaldson presents several additional arguments, none of which are persuasive. First, Donaldson contends that the Court of Claims erred in failing to compel ODRC to provide him with discovery after he repeatedly requested discovery in a timely manner. Civ.R. 56(F) provides the sole remedy for a party that must respond to a motion for summary judgment prior to the completion of adequate discovery. *Schwind v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-230, 2022-Ohio-3995, ¶ 23, citing *Hernandez v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-37, 2017-Ohio-8646, ¶ 17-18, citing *Mootispaw v. Mohr*, 10th Dist. No. 15AP-885, 2016-Ohio-1246, ¶ 10. As outlined in Civ.R. 56(F), a party may request the trial court to defer ruling on a motion for summary judgment pending the completion of discovery. *Id.* If a party fails to move for a Civ.R. 56(F) continuance, the trial court may rule on the motion for summary judgment despite discovery remaining incomplete. *Id.* When a party fails to move for a Civ.R. 56(F) continuance, they fail to preserve this right to challenge the adequacy of discovery on appeal. *Id.* Here, the trial court properly considered ODRC's motion for summary judgment as Donaldson failed to move for a continuance under Civ.R. 56(F) to complete

discovery, and Donaldson has forfeited his right to challenge the adequacy of discovery on appeal. *Hernandez* at ¶ 17, citing *Mootispaw* at ¶ 10.

{¶ 25} Donaldson next argues that the trial court erred by failing to accept or hear his opposition to ODRC's motion for summary judgment. Donaldson argues that he did not have a chance to respond to the motion for summary judgment. However, on June 3, 2024, Donaldson filed a document titled "Plaintiff on objection to the Defendants motion for summary judgment," which the court considered as a memorandum in opposition. (June 3, 2024 Pl.'s Obj. at 1.)

{¶ 26} We note that Donaldson filed two additional memorandums in opposition on July 1 and July 8, 2024. Understandably, the Court of Claims did not consider either filing as its decision was issued on June 18, 2024. Given Donaldson's previous June 3, 2024 filing in opposition to the motion for summary judgment, and ODRC's reply brief filed on June 7, 2024, the trial court could not have anticipated these additional filings would be forthcoming. Ohio law does not provide for a surreply to a motion for summary judgment without leave of court. *First Fin. Servs. v. Cross Tabernacle Deliverance Church, Inc.*, 10th Dist. No. 06AP-404, 2007-Ohio-4274, ¶ 39, citing *Perlmutter v. People's Jewelry Co.*, 6th Dist. No. L-04-1271, 2005-Ohio-5031, ¶ 4, fn. 1 ("The Ohio Rules of Civil Procedure have no provision for filing a surreply to a motion for summary judgment."). Regardless, even if the July filings were timely and considered by the Court of Claims, we find the result would have remained the same as Donaldson fails to point to or submit evidentiary material, through affidavit or other Civ.R. 56 evidence, that would create a dispute of material fact in this case.

{¶ 27} Donaldson's second, fourth, sixth, and seventh assignments of error are overruled.

## IV. CONCLUSION

{¶ 28} Having overruled Donaldson's seven assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment Affirmed.*

JAMISON and LELAND, JJ., concur.

--------------------